## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CALVIN L. STALLWORTH** | ) | |
| **AIS #0000Z649,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION: 1:15-cv-309-KD-M** |
| | ) | |
| **TERRY RAYBON** | ) | |
| **Warden, Holman Correctional Facility,** | ) | |
| | ) | |
| **Respondent.** | | |

## <u>ORDER</u>

Calvin L. Stallworth petitioned the Court for a Writ of Habeas Corpus by a Person in State Custody Under Death Sentence pursuant to 28 U.S.C. §2254. On September 27, 2023, the Court issued a Memorandum Opinion and Order dismissing all of Stallworth's claims asserted in his First Amended Petition except for the sole claim that Stallworth is intellectually disabled and his execution would therefore constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution (as applied to Alabama through the Due Process Clause of the Fourteenth Amendment) and *Atkins v. Virginia*, 536 U.S. 304 (2002). (Doc. 48).  On January 16, 2025, the undersigned issued a Memorandum Opinion and Order finding that Stallworth was entitled to relief under 28 U.S.C. §2254 and vacating his death sentence based on his remaining intellectual disability claim pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002), identified as Claim K in his First Amended Petition. (Doc. 78).

On February 5, 2023, Respondent Terry Raybon filed a Notice of Appeal regarding this Court's September 27, 2023, Memorandum Opinion and Order (Doc. 48) granting de novo review of Stallworth's intellectual disability claim and the Court's January 16, 2025, Memorandum

1

Opinion and Order (Doc. 78) granting Stallworth's petition for writ of habeas corpus. (Doc. 79). On February 13, 2025, Stallworth filed a Notice of Cross Appeal regarding the Court's September 27, 2023, Memorandum Opinion and Order (Doc. 48) except for the section granting review of his intellectual disability claim. (Doc. 85).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, R. 11(a). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).

Where habeas relief is denied on procedural grounds without reaching the merits of any underlying constitutional claim(s), a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A prisoner seeking a certificate of appealability "must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, a certificate of appealability "does not require a showing that the appeal will succeed." *Id.* at 337.

Should Stallworth seek to appeal *in forma pauperis* ("IFP"), this Court would have to decide whether his appeal is taken "in good faith" as required by 28 U.S.C. § 1915(a)(3). *See* Fed. R. App. P. 24(a)(1) (requiring a party seeking leave to appeal IFP to file a motion in the district

2

court). In order to find that Stallworth's appeal satisfies this statutory "good faith" requirement, this Court would have to find that "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Stated differently, Stallworth would have to show that appellate review of his claims is not frivolous when examined under an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). An action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Upon due consideration, the Court finds that Stallworth has failed to make a substantial showing of the denial of a constitutional right, and reasonable jurists would not conclude that this Court is in error in dismissing all of Stallworth's claims asserted in his First Amended Petition other than his intellectual disability claim or that Stallworth should be allowed to proceed further on those claims. Accordingly, Petitioner Calvin L. Stallworth is **DENIED** a certificate of appealability in conjunction with the dismissal of all claims other than his intellectual disability claim in the Court's September 27, 2023, Memorandum Opinion and Order, Doc. 48.

The Court **CERTIFIES** that any appeal by Petitioner of the dismissal of the claims in the Court's September 27, 2023, Memorandum Opinion and Order, Doc. 48, would be without merit and therefore not taken in good faith, thus denying Petitioner entitlement to appeal *in forma pauperis*.  (Doc. 48).

**DONE** and **ORDERED** this the ____**18th**____ day of **March, 2025**.


s/ Kristi K. DuBose_____
UNITED STATES DISTRICT JUDGE